UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

                    Plaintiff,

    v.

BLIZZARD BUSTERS SNOWPLOWING
CORP., BLIZZARD BUSTERS
SNOWPLOWING, INC., BLIZZARD
BUSTERS, CORP., BLIZZARD BUSTERS
LANDSCAPING & SNOWPLOWING,
NORMA REID-LYNCH, AND COSTCO
WHOLESALE CORPORATION,

                    Defendants.

No. 21-CV-8220 (KMK)

OPINION & ORDER

---

Appearances:

Amy C. Gross, Esq.
Usery & Associates
Hartford, CT
*Counsel for Plaintiff*

Allison C. Leibowitz, Esq.
Matthew C. Maloney, Esq.
Sal F. DeLuca, Esq.
Simmons, Jannace, LLP
Syosset & Hauppauge, NY
*Counsel for Defendant Costco Wholesale Corporation*

KENNETH M. KARAS, United States District Judge:

    Plaintiff Travelers Casualty Insurance Company of America ("Plaintiff") brings this Action against Costco Wholesale Corporation ("Defendant"); Blizzard Busters Snowplowing Corp.; Blizzard Busters Snowplowing, Inc.; Blizzard Busters Snowplowing Corp.; Blizzard Busters Landscaping & Snowplowing (collectively, the "Blizzard Buster Entities"); and Norma

Reid-Lynch ("Reid-Lynch"; collectively the "Defendants").  Pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), Plaintiff has requested a declaration that it has no obligation to defend or indemnify the Blizzard Buster Entities in connection with an underlying state court action against the Blizzard Buster Entities.  (*See generally* Compl. (Dkt. No. 11).)  Because the Blizzard Buster Entities and Reid-Lynch failed to appear, the Court has entered a default declaratory judgment in favor of Plaintiff as to the Blizzard Buster Entities and Reid-Lynch.  (*See* Default J. (Dkt. No. 53).)  Additionally, Defendant has filed counterclaims (the "Counterclaims") against Plaintiff seeking a declaratory judgment that Plaintiff has a duty to defend and indemnify Defendant in the underlying action as an additional insured of the Blizzard Buster Entities and raising a breach of contract claim for Plaintiff's failure to defend and indemnify Defendant.  (*See generally* Answer and Counterclaims ("Def's Answer") (Dkt. No. 59).)

Before the Court is Defendant's Motion for Judgment on the Pleadings seeking its dismissal from this Action, pursuant to Federal Rule of Civil Procedure 12(c), (Not. of Mot. ("Def's Not.") (Dkt. No. 64)), and Plaintiff's Motion to Dismiss Defendant's Counterclaims, pursuant to Federal Rule of Civil Procedure 12(b)(6), (collectively, the "Motions") (Not. of Mot. ("Pl's Not.") (Dkt. No. 68)).  For the following reasons, both Motions are granted.

## I.  Background

### A.  Factual Background

This case arises out of an underlying action, *Norma Reid-Lynch v. Costco Wholesale Corporation et al.*, No. 25857/2018E (N.Y. Sup. Ct.) filed on September 10, 2020 in New York Supreme Court, Bronx County (the "State Court Action").  (Compl. Ex. B at 1 (Dkt. No. 11-2).)  In the State Court Action, Reid-Lynch alleges that, on January 13, 2018, she was injured when she slipped and fell on ice in the parking lot of a Costco store in New Rochelle, New York.

(Compl. ¶ 21.) She asserts negligence claims against Defendant and the Blizzard Busters Entities. (*Id*.) In a third-party complaint filed in the State Court Action, Defendant has asserted claims against the Blizzard Busters Entities for (i) indemnification pursuant to a contract with Costco to perform snow removal services at the Costco location where Reid-Lynch was allegedly injured, (ii) breach of contract for failure to procure insurance, (iii) contribution, and (iv) common-law indemnification. (*Id.* ¶ 22; *id.* at Ex. C (Dkt. No. 11-3).)

Plaintiff filed this Action against Defendant, the Blizzard Buster Entities, and Reid-Lynch, seeking declaratory relief concerning the coverage provided the Blizzard Buster Entities under the businessowner's insurance policy, policy number 680-0K130436-17-42, (the "Policy"), that Plaintiff had issued to Blizzard Busters Snowplowing Corp. (*Id.* ¶ 2; *see also id* Ex. A ("Travelers Policy") (Dkt. No. 11-1).) Plaintiff requested the following declarations concerning the Policy:

> [T]here is no coverage for [the Blizzard Buster Entities] for the [State Court Action] under the . . . Policy;
>
> [Plaintiff] owes no duty to defend [the Blizzard Buster Entities] in connection with the [State Court Action];
>
> [Plaintiff] owes no duty to indemnify [the Blizzard Buster Entities] in connection with the [State Court Action];
>
> [Plaintiff] may withdraw its defense of [the Blizzard Buster Entities] in the [State Court Action][.]

(*id.* at 9).[1]

---

[1] Although the Policy was issued only to Blizzard Busters Snowplowing Corp., the Parties do not appear to dispute that Plaintiff has sought declaratory relief as to the coverage of all of the Blizzard Buster Entities. Thus, for ease of refence, the Court refers to the Policy as issued to the Blizzard Buster Entities throughout this Opinion.

3

B. Procedural History

Plaintiff filed its Complaint on October 5, 2021. (Compl.) Defendant appeared on November 19, 2021, (Dkt. No. 24), but although they were served, neither Reid-Lynch nor the Blizzard Buster Entities appeared. (*See generally* Dkt.) On December 7, 2021, Plaintiff filed Clerk's Certificates of Default and accompanying papers as to the Blizzard Buster Entities and Reid-Lynch, which the Clerk of Court issued the same day. (*See* Dkt. Nos. 30-44.) On December 15, 2021, Plaintiff filed a Proposed Order to Show Cause on Motion for Default Judgment and accompanying papers. (*See* Dkt. Nos. 46–49.) On January 24, 2022, the Court approved the Order to Show Cause and set a default hearing for February 16, 2022. (*See* Dkt. No. 50.) The default hearing was held on February 16, 2022, and the Blizzard Buster Entities and Reid-Lynch failed to appear. (*See* Dkt. No. minute entry for February 16, 2022.) The Court issued a Default Judgment as to the Blizzard Buster Entities and Reid-Lynch the same day which included the declarations Plaintiff requested in its Complaint. (*See* Default J. (Dkt. No. 53).) On April 6, 2022, Defendant filed its Answer and Counterclaims. (*See* Answer.) On April 8, 2022, Plaintiff filed a pre-motion letter requesting a conference to discuss filing a motion to dismiss Defendant's Counterclaims. (*See* Letter from Amy C. Gross, Esq. to Court (Dkt. No. 60).) Defendant responded on April 13, 2022. (*See* Letter from Sal F. DeLuca, Esq. to Court (Dkt. No. 61).) On April 14, 2022, the Court scheduled a status conference for May 4, 2022. (*See* Dkt. No. 62.) At the conference, the Court set a briefing schedule for Plaintiff's motion and also granted Defendant's request to file a motion for judgment on the pleadings. (*See* Dkt. No. (minute entry for May 4, 2022).) Defendant filed its Motion for Judgment on the Pleadings and accompanying papers on June 3, 2022. (Def's Not.; Decl. of Sal F. DeLuca, Esq. in Supp. of Mot. for J. on the Pleadings (Dkt. No. 65); Def's Mem. of Law in Supp. of Mot. for J. on the Pleadings ("Def's Pleadings Mem.") (Dkt. No. 66).) On June 6, 2022, Plaintiff filed its Motion

4

To Dismiss Defendant's Counterclaims and accompanying papers. (*See* Pl's Not.; Decl. of Amy C. Gross, Esq. in Supp. of Mot. to Dismiss (Dkt. No. 69); Pl's Mem. of Law in Supp. of Mot. to Dismiss ("Pl's MTD Mem.") (Dkt. No. 70).) After the Parties jointly requested and received an extension (Dkt. Nos. 71, 72), Plaintiff filed its opposition to Defendant's Motion and accompanying declaration on July 25, 2022. (Pl's Mem. of Law in Opp'n to Mot. for J. on the Pleadings ("Pl's Pleadings Opp'n") (Dkt. No. 73); Decl. of Amy C. Gross, Esq. in Supp. of Pl's Opp'n (Dkt. No. 74).) Defendant filed its opposition to Plaintiff's Motion and accompanying declaration the same day. (Def's Mem. of Law in Opp'n to Mot. To Dismiss ("Def's MTD Opp'n") (Dkt. No. 76); Decl. of Matthew C. Maloney, Esq. in Supp. of Opp'n (Dkt. No. 79).) On August 8, 2022 Defendant filed its reply brief in support of its Motion for Judgment on the Pleadings. (*See* Def's Reply Mem. in Supp. of J. on the Pleadings (Dkt. No. 81); Decl. of Sal F. DeLuca in Supp. of Reply Mem. (Dkt. No. 80).) Plaintiff filed its reply brief ("Plaintiff's Reply") in support of its Motion To Dismiss the same day. (Pl's Reply Mem. in Supp. of Mot. to Dismiss ("Pl's MTD Reply") (Dkt. No. 83); Decl. of Amy C. Gross, Esq. in Supp. of Reply (Dkt. No. 84).) On August 18, 2022, Defendant filed a letter requesting that it be allowed to file a sur-reply to Plaintiff's Reply. (*See* Letter from Sal F. DeLuca, Esq. to Court (August 15, 2022) (Dkt. No. 87).) Plaintiff filed a letter in response the same day. (*See* Letter from Amy C. Gross, Esq. to Court (August 17, 2022) (Dkt. No. 88).) On August 22, 2022, the Court denied Defendant's request to file a sur-reply. (*See* Dkt. No. 89.)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

5

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id*. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). "In deciding a Rule 12(c) motion, [the Court] employ[s] the same standard applicable to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 429 (2d Cir. 2011) (citation, alterations, and quotation marks omitted).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B. Analysis

Defendant argues in its Motion for Judgment on the Pleadings that it must be dismissed from this Action because the Complaint fails to raise any allegations against it. (*See* Def's Pleadings Mem. 6–7.) Plaintiff responds that it has sufficiently alleged that Plaintiff is an interested party within the meaning of the Declaratory Judgment Act. (*See* Pl's Pleadings Opp'n 7–9.).

Plaintiff argues in support of its Motion To Dismiss Defendant's Counterclaims that Defendant has failed to allege any provision in the Policy under which Defendant would be covered as an insured or additional insured. (*See* Pl's MTD Mem. 10–12.) Defendant claims that two different provisions in the Policy provide a basis for concluding it is an insured or additional insured. (*See* Def's MTD Opp'n 5–8.)

The Court will address each of the Motions in turn.

1.  Defendant's Motion for Judgment on the Pleadings

Under the DJA, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Disputes over coverage afforded by an insurance policy present an actual case or controversy, so that declaratory judgment is appropriate." *Seidel v. Houston Cas. Co.*, 375 F. Supp. 2d 211, 226 (S.D.N.Y. 2005) (citation omitted); *see also Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-00150, 2021 WL 4427016, at *5 (S.D.N.Y. Sept. 27, 2021) (explaining that declaratory judgment in an insurance coverage dispute "serve[s] a useful purpose in clarifying and settling the legal issues[,] . . . finalize[s] the controversy[,] and offer[s] relief from uncertainty").

Defendant argues that it should be dismissed from this Action because none of Plaintiff's claims references Defendant and thus no claim is stated against it. (*See* Def's Pleadings Mem. 6.) Plaintiff asserts that it joined Defendant to this Action because Defendant is bringing a third-party suit against the Blizzard Buster Entities in the State Court Action and thus has an interest in the outcome of Plaintiff's request for declaratory judgment against the Blizzard Buster Entities. (Pl's Pleadings Opp'n 7–9.)

The Court finds Plaintiff's argument that Defendant is properly joined to this action because it has an "interest" in its outcome unconvincing as the term "interested party" in the DJA refers to potential plaintiffs who may bring an action for declaratory judgment, not to potential defendants. *See Potomac Ins. Co. of Illinois v. Pella Corp.*, No. 00-4013, 2001 WL 421255, at *3 (D. Kan. Apr. 20, 2001) (explaining that "[t]he [DJA]'s reference to an 'interested party' relates to possible plaintiffs not defendants. . . [and thus] offers no support for the joinder of [defendants]") (citing *Reardon v. Penn.-N.Y. Cent. Transp. Co.*, 323 F. Supp. 598, 599 (N.D.

8

Ohio 1971)). It is well-established that the "DJA is procedural only and does not create an independent cause of action," so to join a defendant to a declaratory judgment action, a plaintiff must necessarily plead a cause of action providing a basis for the requested relief. *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (citation and quotation marks omitted); *see also generally* Fed. R. Civ. P. 8, 20. As Defendant points out, Plaintiff has failed to do so here, so Defendant must be dismissed from this Action. *See Potomac*, 2001 WL 421255, at *3 (dismissing defendant from declaratory judgment action where plaintiff-insurer joined defendant only as an "interested party"); *see also State Farm & Cas. Co. v. Singleton*, 774 F. Supp. 2d 773, 777 (D.S.C. 2009) (same); *cf. Normandy Pointe Assocs. v. Fed. Emergency Mgmt. Agency*, 105 F. Supp. 2d 822, 832 (S.D. Ohio 2000) (dismissing defendant from declaratory judgment action where plaintiff failed to state a claim against defendant); *Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co.*, 621 F. Supp. 892, 894 (D. Nev. 1985) (same).

### 2. Plaintiff's Motion to Dismiss Defendant's Counterclaims[2]

Plaintiff argues in support of its Motion that Defendant has failed to allege any provision in the Policy that demonstrates Defendant is covered as an insured or additional insured. (Pl's

---

[2] Although Defendant has been dismissed from the underlying action, the Court has diversity jurisdiction over its compulsory counterclaims. *See* 28 U.S.C. § 1332(a). (*See also* Answer at 13; Compl. ¶¶ 6–7.)

Defendant asserted in its Answer that the law of the state of Washington should govern its Counterclaims. (*See* Answer 15.) However, in its Opposition, Defendant cited to New York law in support of its arguments. (*See* Def's MTD Opp'n 5–6.) Plaintiff also asserts that New York law should govern. (*See* Pl's MTD Mem. at 10 n.3.)

"A party can waive a choice-of-law argument," *Reed Constr. Data Inc. v. McGraw-Hill Companies Inc.*, 49 F. Supp. 3d 385, 423 (S.D.N.Y. 2014). "When a party assumes in its briefs that a particular jurisdiction's law applies, it gives implied consent [. . .] sufficient to establish choice of law." *Tesla Wall Sys., LLC v. Related Companies, L.P.*, No. 17-CV-5966, 2018 WL 4360777, at *2 (S.D.N.Y. Aug. 15, 2018) (internal quotation marks omitted omitted). Thus, the Court finds that New York law governs this dispute. *See Santalucia v. Sebright Transp., Inc.*, 232 F.3d 293, 296 (2d Cir. 2000) ("The parties' briefs assume that New York law controls this dispute, and such 'implied consent . . . is sufficient to establish choice of law.'") (quoting

9

MTD Mem. 10–12.) Defendant claims that two different provisions in the Policy provide a basis for concluding it is an additional insured. (Def's MTD Opp'n 5–8.)[3]

"[C]ourts bear the responsibility of determining the rights and obligations of parties under insurance contracts based on the specific language of the policies . . . ." *Sanabria v. American Home Assur. Co.,* 501 N.E.2d 24, 24 (N.Y. 1986) (internal quotation marks and citation omitted); *Georgitsi Realty, LLC v. Penn-Star Ins. Co.*, 702 F.3d 152, 155 (2d Cir. 2012) (same). "As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court." *Vigilant Ins. Co. v. Bear Stearns Cos., Inc.*, 884 N.E.2d 1044, 1047 (N.Y.

---

*Tehran–Berkeley Civil & Environmental Engineers v. Tippetts–Abbett–McCarthy–Stratton*, 888 F.2d 239, 242 (2d Cir. 1989)).

[3] Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the pleadings themselves," because "[t]o go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to [Rule] 56." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . . , documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (quotation marks omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'" (alteration omitted) (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

A court may incorporate documents referenced "where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed." *Stewart v. Riviana Foods Inc.*, No. 16-CV-6157, 2017 WL 4045952, at *6 (S.D.N.Y. Sept. 11, 2017) (emphasis omitted) (collecting cases).

Here, the Court may consider the insurance contract because it was attached to Plaintiff's Complaint (*see* Travelers Policy) and because Defendant stated that the contract was "incorporated. . . by reference" into its Counterclaims, (Answer at 14.) Neither Party has raised any objections to the accuracy or authenticity of the contract.

2008) (internal quotation marks and citation omitted); *see also Michael Cetta, Inc. v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 175–76 (S.D.N.Y. 2020) ("The initial interpretation of a contract is a matter of law for the court to decide[,] [and] [i]nsurance contracts must be interpreted according to common speech and consistent with the reasonable expectation of the average insured.") (quotation marks and citations omitted). The Court's interpretation of the language of an insurance contract must "afford[] a fair meaning to all of the language employed by the parties in the contract and leave[] no provision without force and effect." *Consolidated Edison Co. of N.Y. v. Allstate Ins. Co.*, 774 N.E.2d 687, 693 (N.Y. 2002) (quotation marks and citation omitted).

A provision of an insurance contract is ambiguous when it is susceptible to "more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997) (quotation marks and citation omitted). If a provision is found to be ambiguous, "the court may accept any available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract." *Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998). "If the extrinsic evidence does not yield a conclusive answer as to the parties' intent," rules of contract construction may be applied. *McCostis v. Home Ins. Co.*, 31 F.3d 110, 113 (2d Cir. 1994).

An insurance company does not owe a duty to defend or indemnify an entity where it is not named, described, or otherwise referred to as an insured under its policy. *See Sanabria*, 501 N.E.2d at 24–25 (holding insurer had no obligation to defend police officers who were "not name[d], describe[d], or otherwise refer[red] to" in an insurance policy); *State v. American Mfrs.*

*Mut. Ins. Co.*, 593 N.Y.S.2d 885, 887 (App. Div. 1993) ("[W]here the insurance contract does not name, describe, or otherwise refer to the entity or individual seeking the benefit thereof as an insured, there is no obligation to defend or indemnify."); *Tribeca Broadway Assocs., LLC v. Mt. Vernon Fire Ins. Co.*, 774 N.Y.S.2d 11, 13 (App. Div. 2004) (same). "The party claiming insurance coverage has the burden of proving entitlement." *Moleon v. Kreisler Borg Florman Gen. Const. Co.*, 758 N.Y.S.2d 621, 623 (App. Div. 2003).

As an initial matter, Plaintiff has argued that Defendant is not named as an insured in the Policy nor does it fall into any of the enumerated categories of insureds or additional insureds set out in the policy. (Pl's MTD Mem. 11–12.) Defendant has conceded that it is not named and that it does not fall into any of the enumerated categories. (Def's MTD Opp'n 7.) However, Defendant argues that Plaintiff is still required to provide coverage pursuant to two alternative provisions. (*Id.* at 7–8.) The Court will address each of these provisions in turn.

Defendant first argues that Plaintiff "is required to provide coverage to [Defendant] as an 'insured contract' [of the Blizzard Busters Entities] as defined in the . . . Policy." (Def's MTD Opp'n 7.) Plaintiff argues that Defendant misreads the policy as any coverage for an insured contract is provided to the insured—here, the Blizzard Busters Entities—rather than Defendant as the counter-party to the insured contract. (Pl's MTD Reply 10–11.) The Policy defines an "insured contract" in relevant part as

> That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for bodily injury or property damage to a third person or organization.

12

(Travelers Policy 86).)[4] Defendant asserts that its contract with the Blizzard Busters Entities qualifies as an insured contract under the Policy. (Def's MTD Mem. 7.) Plaintiff argues that this characterization is irrelevant because, even if the agreement is an insured contract, Defendant would not qualify for coverage. (Pl's MTD Reply 10.) Given Plaintiff's apparent concession, the Court presumes that the Defendant-Blizzard Buster agreement is an insured contract within the meaning of the Policy.

While the Policy generally excludes contractual liability from coverage, there is an exception for insured contracts wherein:

> reasonable attorney fees and necessary litigation expenses *incurred by or for a party other than an insured* are deemed to be damages because of bodily injury or property damage, provided . . . [l]iability to such party for, or for the cost of, that party's defense has also been assumed in the . . . insured contract[,] and [s]uch attorney fees and litigation expenses are for defense of that party against a civil . . . . proceeding in which damages to which this insurance applies are alleged.

(Travelers Policy 75 (emphasis added).)[5] The Court finds that this provision provides no support for Defendant's argument: at most, it would require that Plaintiff provide coverage to the Blizzard Busters Entities for any costs that *they* incurred in litigating on Defendant's behalf in the State Court Action. Under no reading does this provision suggest that Defendant is either an insured or an additional insured. New York courts confronted with similar language have reached the same conclusion. *See, e.g., Gibbs v. E 34th Street Dev., LLC*, 2007 WL 2584325, at *8 (N.Y. Sup. Ct. Aug. 9, 2007) (explaining that under the policy at issue "even when coverage

---

[4] For ease of reference, all citations are to the ECF-stamped page numbers in the upper right corner of each page of the Policy. The Policy demarcates defined terms through the use of quotation marks around each occurrence of the term (e.g., "insured contract"); to prevent potential confusion, these quotation marks have been silently deleted in all direct quotations.

[5] The Policy states that Plaintiff "will pay those sums that the [Blizzard Buster Entities] become[] legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." (Travelers Policy 74.)

is afforded to an insured under an [i]nsured [c]ontract, the coverage is afforded to the insured[,] not the party from whom the insured assumes liability pursuant to the contract") (quotation marks omitted).

Defendant next argues that under the Policy's Supplementary Payments provision, Defendant is eligible for coverage because Plaintiff has been representing the Blizzard Buster Entities in the underlying action, the Blizzard Buster Entities are contractually obligated to defend and indemnify Defendant, so Plaintiff must as well. (Def's MTD Opp'n. 7–8.) Plaintiff counters that Defendant has not and could not satisfy all of the requirements listed in the provision, so Plaintiff has no obligation to provide coverage. (Pl's MTD Reply 13.)

The Supplemental Payments provision states, in relevant part, that if Plaintiff defends the Blizzard Buster Entities in a suit where an indemnitee of the Entities is also being sued, Plaintiff will defend the indemnitee when six independent conditions are met. (Travelers Policy 81.) The six independent conditions include the following:

> [(a)] The suit against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an insured contract;
>
> [(b)] This insurance applies to such liability assumed by the insured;
>
> [(c)] The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same insured contract;
>
> [(d)] The allegations in the suit and the information we know about the occurrence are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;
>
> [(e)] The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such suit and agree that we can assign the same counsel to defend the insured and the indemnitee; and
>
> [(f)] The indemnitee[] [a]grees in writing to: [] [c]ooperate with us in the investigation, settlement or defense of the suit; [] [i]mmediately send us copies of any demands, notices, summonses or legal papers received in connection with the

>suit; [] [n]otify any other insurer whose coverage is available to the indemnitee; and [] [c]ooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and [] [p]rovides us with written authorization to [] [o]btain records and other information related to the suit; and [] [c]onduct and control the defense of the indemnitee in such suit.

(*Id.*) Plaintiff does not appear to dispute that Defendant could qualify under this provision but instead asserts that Defendant has not complied with at least two of the conditions. (Pl's MTD Reply 13.) Specifically, Defendant cannot claim the absence of a conflict of interest under condition (d) because Defendant is suing the Blizzard Buster Entities in state court, an inherent conflict of interest. (*Id.*) Additionally, Defendant and the Blizzard Buster Entities have never requested that Plaintiff conduct and control the defense, as required by condition (e). (*Id.*)

Because Plaintiff has filed a Motion To Dismiss and the Court must take all of Defendant's allegations as true, the Court construes Plaintiff's argument to be that Defendant's allegations are insufficient to state a claim and, on that basis alone, agrees with its contentions. Defendant has alleged that it complies with conditions (a), (b), and (c). (Def's MTD Opp'n 7–8.) As Defendant has not stated allegations demonstrating its compliance with conditions (d), (e), and (f), Defendant's claim must fail.

Because Defendant has failed to meet its burden to establish that it is an insured under the Policy, the Court denies Defendant's request for declaratory relief. *See Moleon*, 758 N.Y.S.2d at 623 ("The party claiming insurance coverage has the burden of proving entitlement."); *see also Philadelphia Indem. Ins. Co. v. City of New York*, No. 09-CV-10432, 2011 WL 1237586, at *4 (S.D.N.Y. Mar. 24, 2011) ("'[T]he principle is well settled that the party claiming insurance

coverage bears the burden of proving entitlement.'") (quoting *Mt. Hawley Ins. Co. v. United Staffing Sys. Inc.*, No. 113115/08, 2011 WL 873493 (Table), at *2 (Sup. Ct. Feb. 25, 2011)).[6]

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is granted, as is Plaintiff's Motion to Dismiss. Because this is the first adjudication of both Parties' claims, the Complaint and Counterclaims are dismissed without prejudice. Either Party may file an amended pleading within 30 days of the date of this Opinion & Order. The amended pleading will replace, not supplement, the original pleading. Failure to file an amended pleading could result in dismissal of this case with prejudice. The Clerk of Court is respectfully directed to terminate the pending Motions. (Dkt. Nos. 64, 68.)

SO ORDERED.

Dated: March 27, 2023
White Plains, New York

KENNETH M. KARAS
United States District Judge

---

[6] Because Defendant has failed to establish that it is an insured under the contract, the Court will not address its claims for declaratory relief and breach of contract. (*See* Answer 16–17.)

16